IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NED WARD,<br>Institutional ID No. 687009,<br>SID No. 3723404,<br>Previous TDCJ ID No. 516312, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.<br>5:12-CV-00162-C |
| CO IV PRISCILLA R. ARTIAGA, *et al.*, | ) ) | |
| Defendants. | ) | ECF |

## ORDER

Plaintiff Ned Ward, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Priscilla R. Artiaga, Nathan L. Alarcon, and Joseph C. Martinez, in both their individual and official capacities, for alleged violations of his constitutional rights when he was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), John Montford Psychiatric Unit in Lubbock, Texas. Plaintiff specifically alleges that Defendants Artiaga, Alarcon, and Martinez violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution when they assaulted him or used excessive force against him on August 15, 2011. He seeks declaratory relief and monetary damages. Plaintiff has been granted permission to proceed *in forma pauperis.*

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered authenticated copies of Plaintiff's prison records that were relevant to his complaint and notified authorities that a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), would be scheduled. The Magistrate Judge conducted a *Spears* evidentiary hearing on

December 6, 2012, and Plaintiff testified under oath. The Magistrate Judge then ordered Defendants to file an answer. Defendants Artiaga, Alarcon, and Martinez filed an Original Answer and Jury Demand on February 13, 2013, and a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) on that same date. Plaintiff filed a Response on March 8, 2013.

Although Plaintiff consented to proceed before the United States Magistrate Judge, the Defendants did not. Pursuant to this Court's Order entered on September 26, 2012, therefore, the Magistrate Judge entered a Report and Recommendation and transferred the case back to this Court on April 3, 2013. Plaintiff did not file a reply or objections.

This Court has made an independent examination of the pleadings, the pending motions, and the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

1.  Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) filed on February 13, 2013, is DENIED.

2.  Plaintiff's claims for monetary damages against Defendants Artiaga, Alarcon, and Martinez in their official capacities for violation of the Eighth and Fourteenth Amendments under § 1983 are DISMISSED with prejudice because they are entitled to Eleventh Amendment immunity.

    JUDGMENT SHALL BE ENTERED ACCORDINGLY as to the dismissed claims.

3.  The following claims remain in this case:

    (A)  Plaintiff's claims for declaratory relief and monetary damages against Defendants Artiaga, Alarcon, and Martinez, in their individual capacities, for assault and/or an excessive use of force in violation of the Eighth and Fourteenth Amendments; and

    (B)  Plaintiff's claim for declaratory relief brought pursuant to 42 U.S.C. § 1983 against Defendants Artiaga, Alarcon, and Martinez, in their official capacities,

for assault and/or an excessive use of force in violation of the Eighth and Fourteenth Amendments.

4.  Pursuant to Fed. R. Civ. P. 16(b), the Court establishes the following schedule for the two claims remaining in this case:

(A)  All motions to join other parties and amend the pleadings must be filed by 3:00 p.m. on August 6, 2013.

(B)  All other pretrial motions, including motions for summary judgment, must be filed, with supporting briefs, by 3:00 p.m. on September 9, 2013, and any response must be filed by 3:00 p.m. on October 9, 2012.

(C)  All discovery must be completed by 3:00 p.m. on August 6, 2013, as follows:

   (1)  Defendant(s) shall disclose to Plaintiff all records of the incident forming the basis of Plaintiff's complaint, which records shall include, but shall not be limited to the following:

       (a)  Plaintiff's medical records pertaining to the incidents made the basis of Plaintiff's complaint, which medical records shall include Plaintiff's records from any TDCJ unit at which he received medical examinations or treatment concerning the denial of medical care and all records from any private physician or medical treatment facility pertaining to Plaintiff's claims.

       (b)  Plaintiff's grievances filed for the six-month period surrounding the incident date(s).

   (2)  All parties shall disclose the following:

       (a)  The name and, if known, the address or employment station of each person likely to have information that bears significantly on any claim or defense.

       (b)  As to each person named in response to paragraph (C)(2)(a) above, a brief summary of the substance of the information known by the person.

**There shall be no further discovery without leave of the Court.**

3

(D)     All parties will be notified by separate order of the date of trial and the date for filing the proposed pretrial order.

(E)     Counsel and unrepresented parties are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and Delay Reduction Plan of the Northern District of Texas, and the Local Rules of this Court.

DATED May _____ 8 _____, 2013.


SAM R. CUMMINGS
United States District Judge

4